ACCEPTED
04-15-00544-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
9/25/2015 4:34:30 PM
KEITH HOTTLE
CLERK

## CAUSE NO. 04-15-00544-CV

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
9/25/2015 4:34:30 PM
KEITH E. HOTTLE
Clerk

# IN THE COURT OF APPEALS OF TEXAS
# FOURTH JUDICIAL DISTRICT
# SAN ANTONIO, TEXAS

## JUAN J. VILLARREAL
### Appellant/Defendant

vs.

## ROBERTO JIMENEZ
### Appellee/Plaintiff

## FROM THE 218TH JUDICICIAL DISTRICT, FRIO COUNTY, TEXAS
## CAUSE NO. 12-10-00348 CVF, HON. DONNA RAYES PRESIDING

## APPELLEE'S MOTION TO DISMISS FOR WANT OF JURISDICTION

JOHN H. PATTERSON, JR.
SBN: 24027716
MONTEZ & PATTERSON
6800 Park Ten Blvd. Ste 220N
San Antonio, Texas 78213
(210) 736-1680
(210) 736-1689 - Fax
*Attorney for Appellee*

1

## APPELLEE'S MOTION TO DISMISS FOR WANT OF JURISDICTION

Appellee, ("Roberto Jimenez"), asks the Court to either dismiss this appeal or affirm the trial court's judgment and grant Appellee judgment for costs.

## I.
## INTRODUCTION

1.    Appellant is Juan J. Villarreal; Appellee is Roberto Jimenez.

2.    The 218th Judicial District Court of Frio County, Texas, signed the Final Judgment in the underlying case, Roberto Jimenez v. Juan A. Villarreal, et al., Cause Number 12-10-00348-CVF, on June 11, 2015 (See Exhibit "A" attached) in favor of Appellee and against Appellant.

3.    The Court has the authority under Texas Rule of Appellate Procedure 42.3(a) to dismiss an appeal for want of jurisdiction.

4.    The Court should dismiss this appeal because Appellant filed the Notice of Appeal after the deadline. *See Eddins v. Borders*, 71 S.W.3d 368, 371 (Tex. App.—Tyler 2001, pet. Denied). It is now too late for appellant to ask for an extension under Texas Rule of Appellate Procedure 26.3. *See* Tex. R. App. P. 42.3(a); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

5.    In Appellant's Notice of Appeal, Appellant alleges he filed a timely filed Motion for Modification of Judgment; however no post judgment pleadings have been filed, aside from the Notice of Appeal filed on September 1, 2015 (See Exhibit "B" attached).

6.    Prior to entry of Judgment, Appellant filed a motion requesting judgment in his favor. (See Exhibit "C" attached). The motion was taken into consideration and overruled on June 11, 2015.

7.    The Notice of Appeal was due on July 12, 2015. The deadline to file a Motion to Extend the time to file the notice of appeal was July 27, 2015.

8. Appellant filed the Notice of Appeal on September 1, 2015, 50 days after the deadline to file it, and 35 days after the deadline to file a Motion to Extend the filing deadline.

9. Appellee is entitled to damages for frivolous appeal under Texas Rule of Appellate Procedure 45. The Court may assume appellant brought this appeal solely for delay if it finds appellant prosecuted the appeal without observing the minimal procedural requirements for an appeal. *See Hennigan v. Hennigan,* 677 S.W.2d 495, 496 (Tex. 1984); *Compass Expl., Inc. v. B-E Drilling Co.,* 60 S. W.3d 273, 279-80 (Tex. App. —Waco 2001, no pet.).

## II.
## CONCLUSION

10. Appellant's appeal should be dismissed for want of jurisdiction.

## PRAYER

For these reasons, Appellee asks the Court to grant this motion and dismiss the appeal or, in the alternative, to affirm the trial court's judgment and grant appellee judgment for costs.

Respectfully submitted,

JOHN H. PATTERSON, JR.
SBN: 24027716
john@montezandpatterson.com

MONTEZ & PATTERSON
6800 Park Ten Blvd. Ste 220N
San Antonio, Texas 78213
(210) 736-1680
(210) 736-1689 - Fax

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document was served on this the 23rd day of Sept , 2015 to the following:

Pablo Bustamante
Attorney at Law
719 St. Mary's Street
San Antonio, Texas 78205
Fax No. 210-465-8556
bustamantelaw@yahoo.com

_____
JOHN H. PATTERSON, JR.

## CERTIFICATE OF CONFERENCE

I have contacted Appellant's counsel's office by telephone and advised of the filing of Appellant's Motion to Dismiss for Want of Jurisdiction on September 23, 2015, and have not received any indication that Appellant agrees to voluntarily dismiss his appeal.

September 23, 2015.

_____
JOHN H. PATTERSON, JR.

4

# EXHIBIT "A"

# FRIO COUNTY DISTRICT CLERK



RAMONA B. RODRIGUEZ
500 E. SAN ANTONIO #8
PEARSALL, TX 78061
(830) 334-8073

I, **RAMONA B. RODRIGUEZ**, Clerk of the District Courts of Frio County, Texas, hereby certify that the within and foregoing is a Full, True, and Correct copy of the: **JUDGMENT AND DECREE SETTING ASIDE CERTIFICATES.**

as same appears on file in my office among the papers in Cause No. 12-10-00348CVFCVF

ROBERTO JIMENEZ
VS.
CAMILO MENDEZ, INDIVIDUALLY
AND DBA CAMILO MENDEZ AUTO
BODY AND PAINT; AND
JUAN J. VILLARREAL

**GIVEN UNDER MY HAND** and the Seal of the Said Courts at my office in Pearsall, Texas, on the 27TH DAY OF AUGUST 2015.

RAMONA B. RODRIGUEZ
Clerk of the District Courts
Frio County, Texas

BY: _____
Tresa Castleberry
Deputy, District Clerk



| | | |
|---|---|---|
| ROBERTO JIMENEZ | § | IN THE DISTRICT COURT |
| | § | |
| VS | § | |
| | § | 218th JUDICIAL DISTRICT |
| CAMILO MENDEZ, INDIVIDUALLY | § | |
| AND DBA CAMILO MENDEZ AUTO | § | |
| BODY AND PAINT; AND | § | |
| JUAN J. VILLARREAL | § | FRIO COUNTY, TEXAS |

## JUDGMENT AND DECREE SETTING ASIDE CERTIFICATES

On April 9, 2015, came on to be heard the above-entitled and numbered cause before the Court.

Plaintiff, ROBERTO JIMENEZ, appeared in person and through attorney of record, Manuel P. Montez, and announced ready for trial.

Defendant, CAMILO MENDEZ, individually and doing business as CAMILO MENDEZ AUTO AND PAINT, appeared in person and through attorney of record, Jeffrey Linick, and announced ready for trial.

Defendant, JUAN J. VILLARREAL, appeared in person and through his attorney of record, Pablo V. Bustamante, announced ready for trial.

The Court, after examining the record and the evidence and argument of counsel, finds that it has jurisdiction of this case and of all the parties and that no other court has continuing, exclusive jurisdiction of this case. All persons entitled to citation were properly cited.

*Jury*

A jury was waived, and all questions of fact and of law were submitted to the Court.

*Record*

The record of the trial was duly reported by the official court reporter of the 81st Judicial



The record of the trial was duly reported by the official court reporter of the 81st Judicial District Court.

The Court, having examined the record and heard the evidence and argument of counsel, finds that the material allegations in Plaintiff's Original Petition are true.

The Court finds that the Defendant Camilo Mendez, Individually and DBA Camilo Mendez Auto Body and Paint purportedly sold the vehicle to himself without proper compliance with the Texas Transportation Code, Chapter 501 and section 70.005 and 70.006 of the Texas Property Code. The vehicle is described in the following certificate of Title:



The Court finds that Defendant Camilo Mendez Individually and d/b/a Camilo Mendez Auto and Paint sold to Defendant, Juan J. Villarreal unlawfully and without proper compliance with Chapter 501 of the Texas Transportation Code and sections 70.005 and 70.006 of the Texas Property Code the vehicle described in a certificate of Title as follows:



The Court finds that the vehicle with which this Judgment and Decree is concerned is described as:

1973 Chevrolet Corvette vehicle identification number 1Z37T38428381.

IT IS DECREED that the transfer of the above vehicle from CAMILO MENDEZ to CAMILO MENDEZ is void and the vehicle transaction is hereby set aside as to CAMILO MENDEZ.

IT IS DECREED that the certificate of title issued by the State Department of Highways and Public Transportation, Motor Vehicle Division, dated the 27 day of December, 2011 with number 08200040890095014 is void and is hereby set aside as to CAMILO MENDEZ.

IT IS DECREED that the transfer of the above vehicle from CAMILO MENDEZ to JUAN J. VILLARREAL is void and the transfer of the vehicle is hereby set aside as to JUAN J. VILLARREAL

IT IS DECREED that the certificate of title issued by the State Department of Highways and Public Transportation, Motor Vehicle Division, dated the 31st day of January, 2012 with number 08200040926122516 is void and is hereby set aside as to JUAN J. VILLARREAL.

IT IS DECREED that the delivery of possession of the 1973 CHEVROLET CORVETTE VIN # 1Z37T38428381 to Defendant JUAN J. VILLARREAL is void and is hereby set aside as to JUAN J. VILLARREAL.

IT IS ORDERED that JUAN J. VILLARREAL delivers possession of the above described vehicle to Plaintiff ROBERTO JIMENEZ. Possession IS ORDERED to be delivered on the 15th day of June 2015 at the Frio County Courthouse, Pearsall, Texas at 12:00p.m. NOON.

IT IS ORDERED that attorney's fees are to be borne by the party who incurred them.



*Costs*

IT IS ORDERED that costs of court are to be borne by the party who incurred them.

*Relief Not Granted*

IT IS ORDERED that all relief requested in this case and not expressly granted is denied.

All other terms of the prior orders not specifically modified in this order shall remain in full force and effect.

*Date of Order*

SIGNED ON THIS __11__ day of June 2015.

JUDGE PRESIDING

**FILED**

AT 9:40 O'CLOCK __A__ M

JUN 1 1 2015

Lamma B. Rodriguez
CLERK DISTRICT COURT
FRIO COUNTY, TEXAS
By _____ DEPUTY

APPROVED AS TO FORM ONLY:

THE LAW OFFICE OF PABLO V. BUSTAMANTE
719 S. St. Mary's Street
San Antonio, Texas 78205
Tel: (210) 465-8555
Fax: (210) 465-8556


By: _____

PABLO V. BUSTAMANTE
State Bar No: 0310760
Attorney for Petitioner


THE LAW OFFICE OF MONTEZ & PATTERSON
MANUEL P. MONTEZ
ATTORNEY AT LAW
6800 Park Ten Blvd Ste. 220N
San Antonio, Texas 78213
Tel: (210) 736-1680
Fax: (210) 736-1689

By: _____

MANUEL P. MONTEZ    -JOHN H PATTERSON, JR
State Bar No: 14286000    SBN 24027776
Attorney for Plaintiff

JEFFREY LINICK
ATTORNEY AT LAW
State Bar No: 24072211
9257 Somerset Road #2303
San Antonio, Texas 78211

Attorney for Defendant,
Camilo Mendez, Individually and
dba Camilo Mendez Auto Body and
Paint



# EXHIBIT "B"

Filed 9/17/2015 15:00:59
FOURTH Bernard S. Rodri
SAN ANTO District
9 Frio County, T
KEITH HO
Esperanza 2i

## Cause No. 12-10-00348CVF

| | |
|---|---|
| **ROBERTO JIMENEZ**<br>plaintiff, | **IN THE DISTRICT COURT** |
| **vs** | **218ᵀᴴ JUDICIAL DISTRICT** |
| **JUAN J. VILLARREAL**<br>**Defendant** | **FRIO COUNTY, TEXAS** |

## NOTICE OF APPEAL

### TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now JUAN J. VILLARREAL, Defendant herein, who makes and files this, his Notice of Appeal, and would respectfully show unto the Honorable Court as follows:

I.

This Notice of Appeal is being filed pursuant to Tex. R. App. Pro. 25.1 (a) and Tex. R. App. Pro 26.1 (a) (2).

II.

Juan J. Villarreal, Defendant herein, gives notice of his desire to appeal the final judgment in this case dated June 11, 2015. A true and correct copy of the judgment being appealed is attached hereto as Exhibit A, and is incorporated herein by reference for all purposes as if set forth at length. The deadline for filing this Notice of Appeal was extended by a timely-filed motion for modification of the judgment.

III.

The appeal of this judgment is being taken to the Fourth Court of Appeals for Texas at San Antonio, Texas.

**WHEREFORE, PREMISES CONSIDERED,** Juan J. Villarreal prays that the Honorable Court take notice of his Notice of Appeal.

Juan J. Villarreal prays for such other and further relief, general or special, in law or in equity, to which he may prove himself to be justly entitled.

RESPECTFULLY SUBMITTED,

Bustamante Law Office
719 S. St. Mary's St.
San Antonio, Texas 78205
Ph. No. 210-465-8555
Fax No. 210-465-8556
bustamantelaw@yahoo.com

Pablo V. Bustamante
SBN 03510760

Attorney for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Notice of Appeal has been sent to Mr. MANUEL MONTES, Attorney for Plaintiff, at 6800 Park Ten Blvd. North- Ste 220, San Antonio, Texas 78213 on this the _1st_ day of _September_ 2015.

Pablo V. Bustamante

# Exhibit A

CAUSE NO. 12-10-00348CVF

| ROBERTO JIMENEZ | § | IN THE DISTRICT COURT |
| | § | |
| VS | § | |
| | § | 218th JUDICIAL DISTRICT |
| CAMILO MENDEZ, INDIVIDUALLY | § | |
| AND DBA CAMILO MENDEZ AUTO | § | |
| BODY AND PAINT; AND | § | |
| JUAN J. VILLARREAL | § | FRIO COUNTY, TEXAS |

## JUDGMENT AND DECREE SETTING ASIDE CERTIFICATES

On April 9, 2015, came on to be heard the above-entitled and numbered cause before the Court.

Plaintiff, ROBERTO JIMENEZ, appeared in person and through attorney of record, Manuel P. Montez, and announced ready for trial.

Defendant, CAMILO MENDEZ, individually and doing business as CAMILO MENDEZ AUTO AND PAINT, appeared in person and through attorney of record, Jeffrey Linick, and announced ready for trial.

Defendant, JUAN J. VILLARREAL, appeared in person and through his attorney of record, Pablo V. Bustamante, announced ready for trial.

The Court, after examining the record and the evidence and argument of counsel, finds that it has jurisdiction of this case and of all the parties and that no other court has continuing, exclusive jurisdiction of this case. All persons entitled to citation were properly cited.

*Jury*

A jury was waived, and all questions of fact and of law were submitted to the Court.

*Record*

The record of the trial was duly reported by the official court reporter of the 81st Judicial

The record of the trial was duly reported by the official court reporter of the 81st Judicial District Court.

The Court, having examined the record and heard the evidence and argument of counsel, finds that the material allegations in Plaintiff's Original Petition are true.

The Court finds that the Defendant Camilo Mendez, Individually and DBA Camilo Mendez Auto Body and Paint purportedly sold the vehicle to himself without proper compliance with the Texas Transportation Code, Chapter 501 and section 70.005 and 70.006 of the Texas Property Code. The vehicle is described in the following certificate of Title:

The Court finds that Defendant Camilo Mendez Individually and d/b/a Camilo Mendez Auto and Paint sold to Defendant, Juan J. Villarreal unlawfully and without proper compliance with Chapter 501 of the Texas Transportation Code and sections 70.005 and 70.006 of the Texas Property Code the vehicle described in a certificate of Title as follows:



The Court finds that the vehicle with which this Judgment and Decree is concerned is described as:

1973 Chevrolet Corvette vehicle identification number 1Z37T38428381.

IT IS DECREED that the transfer of the above vehicle from CAMILO MENDEZ to CAMILO MENDEZ is void and the vehicle transaction is hereby set aside as to CAMILO MENDEZ.

IT IS DECREED that the certificate of title issued by the State Department of Highways and Public Transportation, Motor Vehicle Division, dated the 27 day of December, 2011 with number 08200040890095014 is void and is hereby set aside as to CAMILO MENDEZ.

IT IS DECREED that the transfer of the above vehicle from CAMILO MENDEZ to JUAN J. VILLARREAL is void and the transfer of the vehicle is hereby set aside as to JUAN J. VILLARREAL

IT IS DECREED that the certificate of title issued by the State Department of Highways and Public Transportation, Motor Vehicle Division, dated the 31st day of January, 2012 with number 08200040926122516 is void and is hereby set aside as to JUAN J. VILLARREAL.

IT IS DECREED that the delivery of possession of the 1973 CHEVROLET CORVETTE VIN # 1Z37T38428381 to Defendant JUAN J. VILLARREAL is void and is hereby set aside as to JUAN J. VILLARREAL.

IT IS ORDERED that JUAN J. VILLARREAL delivers possession of the above described vehicle to Plaintiff ROBERTO JIMENEZ. Possession IS ORDERED to be delivered on the 15th day of June 2015 at the Frio County Courthouse, Pearsall, Texas at 12:00p.m. NOON.

IT IS ORDERED that attorney's fees are to be borne by the party who incurred them.

*Costs*

IT IS ORDERED that costs of court are to be borne by the party who incurred them.

*Relief Not Granted*

IT IS ORDERED that all relief requested in this case and not expressly granted is denied.

All other terms of the prior orders not specifically modified in this order shall remain in full force and effect.

*Date of Order*

SIGNED ON THIS ___11___ day of June 2015.

_____
JUDGE PRESIDING

**FILED**

AT 9:40 O'CLOCK A M

JUN 11 2015

Lamma B. Rodriguez
CLERK, DISTRICT COURT
FRIO COUNTY, TEXAS

By _____ DEPUTY

APPROVED AS TO FORM ONLY:

THE LAW OFFICE OF PABLO V. BUSTAMANTE
719 S. St. Mary's Street
San Antonio, Texas 78205
Tel: (210) 465-8555
Fax: (210) 465-8556

By: _____
PABLO V. BUSTAMANTE
State Bar No: 0310760
Attorney for Petitioner

THE LAW OFFICE OF MONTEZ & PATTERSON
MANUEL P. MONTEZ
ATTORNEY AT LAW
6800 Park Ten Blvd Ste. 220N
San Antonio, Texas 78213
Tel: (210) 736-1680
Fax: (210) 736-1689

By: _____
MANUEL P. MONTEZ
State Bar No: 14286000
Attorney for Plaintiff

JEFFREY LINICK
ATTORNEY AT LAW
State Bar No: 24072211
9257 Somerset Road #2303
San Antonio, Texas 78211

Attorney for Defendant,
Camilo Mendez, Individually and
dba Camilo Mendez Auto Body and
Paint

~ JOHN H PATTERSON, JR
SBN 24027716

# BUSTAMANTE LAW OFFICE

**PABLO V. BUSTAMANTE**
**ATTORNEY AT LAW**

719 S. St. Mary's St.
San Antonio, Texas 78205
Phone: (210) 465-8555
Fax: (210) 465-8556
bustamantelaw@yahoo.com

September 14, 2015

**VIA FAX 210-736-1689**
Mr. Manuel Montez
Attorney at law
6800 Park Ten Blvd.
San Antonio, Texas

      Re:    Juan Villarreal v Roberto Jimenez
                Appellate Docket Statement

Dear Mr. Montez:

I am enclosing a copy of the docketing statement filed in the referenced cause for your records.

Thank you for your courtesy.

Very truly yours,

Pablo V Bustamante

# EXHIBIT "C"

12-10-00348CVF

Filed 6/1/2015 1:27:44 PM
Ramona S. Rodriguez
District Clerk
Frio County, Texas

Tresa Castleberry

Cause No. 12-10-00348CVF

ROBERTO JIMENEZ

VS

CAMILO MENDEZ, INDIVIDUALLY
AND DBA CAMILO MENDEZ AUTO
BODY AND PAINT, AND
JUAN J. VILLARREAL

IN THE DISTRICT COURT

218TH JUDICIAL DISTRICT

FRIO COUNTY, TEXAS

## MOTION FOR RECONSIDERATION

TO THE HONORABLE JUDGE:

Now comes Juan J. Villarreal, defendant in the above styled cause, and files this his Motion for Reconsideration, showing the court as follows:

1.     This case was heard by this Court on April 9, 2015, and the court, after hearing and argument determined, as to Juan J. Villarreal, that he did not have a proper Affirmative Defense, and the fact he had purchased this property (vehicle) and was an innocent purchaser of value under the Texas Business and Commerce Code, The Uniform Commercial Code, chapter 2, that, in fact, the facts in this case were governed by the Texas Transportation Code, Section 500, the Certificate of Title Act.

2.     As a matter of statutory construction, two or more separate statutes are in pari materia when they pertain to the same subject matter or have a similar purpose. *Howlett v. Tarrant County,* 301 S. W.3d 840, 846 (Tex. App.- Ft. Worth 2009, pet. denied); *Johnson v. City of Dublin,* 46 S.W.3d 401, 403 (Tex. App.- Eastland 2001, pet. denied); *In re State ex rel Connell,* 976 S.W. 2d 906 (Tex.App.- Dallas 1998, orig. proceeding), even if they do not explicitly refer to each other, or if they were passed at different times. *Cadle Co. v Butler,* 951 S.W. 2d 901, 907 (Tex. App. - Corpus Christi 1997, no pet.) In such cases, courts are

supposed to construe the related cases in harmony. *Calvert v Fort Worth Nat'l Bank*, 356 S.W. 2d 918, 921 (Tex.1962); *DLB Architects, P.C. v Weaver*, 305 S.W. 3d 407, 410 (Tex.App-Dallas 2010, pet. denied); *Lenhard v Butler*, 745 S. W. 2d 101, 105 (Tex.App.-Fort Worth 1988, writ denied).

3.    The Texas Supreme Court specifically held that the UCC and the Certificate of Title Act were in pari materia, and should be construed together. *Associates Discount Corp. V Rattan Chevrolet, Inc.* 462 S.W.2d 546, 549 (Tex.1970); accord, *IDS Leasing Corp v Leasing Associates, Inc.*, 590 S.W.2d 607, 611-12 (Tex.Civ.App.-Houston [1ˢᵗ Dist.] 1979, writ ref'd n.r.e.).

Accordingly, Courts often consider the UCC and Certificate of Title together. SEE, e.g., *First National Bank of El Campo. Tex. V Buss*, 143 S.W.3d 915, 920-24 ( Tex.App.-Corpus Christi 2004, pet. denied); *Bruckner Truck Sales, Inc. v Farm Credit Leasing Svcs. Corp.* 909 S.W. 2d 75, 80-81 (Tex. App. - Amarillo 1995 no writ).

4.    The Certificate of Title Act provides that, in the event of a conflict between the UCC and the Certificate of Title, the UCC controls. Tex. Transportation Code Section 501.005; *Nxcess Motor Cars, Inc. v. JP Morgan Chase Bank*, N.A. 317 S.W. 3d 462, 469-70 (Tex.App.-Houston [1ˢᵗ Dist.] 2010, pet. denied).

WHEREFORE, based on the foregoing, Juan J. Villarreal requests this Court reconsider his affirmative defense, and RENDER/GRANT to him the vehicle in question which the evidence showed, by a *preponderance of the evidence*, that he was a purchaser in good faith under the Texas Business and Commerce Code, The Uniform Commercial Code chapter 2, which governs over any conflicts with the Certificate of Title Act under the Texas Transportation Code.

Juan J. Villarreal prays for general relief.

RESPECTFULLY SUBMITTED,

Filed 6/1/2015 1:27:44 PM
Ramona B. Rodriguez
District Clerk
Frio County, Texas

Tresa Castleberry

Bustamante Law Office
719 S. St. Mary's St.
San Antonio, Texas 78205
Ph. No. 210-465-8555
Fax No. 210-465-8556

Pablo V. Bustamante
SBN 03510760

ATTORNEY FOR JUAN. J. VILLARREAL

## CERTIFICATE OF SERVICE

I have this day produced a copy of the foregoing to the attorneys in the case, Mr. Manuel Montes, fax number (210) 736-1689, and Mr. Jeffrey Linick at 9257 Somerset Road, #2303 in San Antonio, Texas 78211.

Pablo V. Bustamante